UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:18-cr-975-CDP-JMB |
| | ) |
| CHRISTOPHER MYERS, | ) |
| | ) |
| Defendant. | ) |

**SECOND MOTION TO EXTEND THE TIME TO FILE PRETRIAL MOTIONS**

COMES NOW Defendant, Christopher Myers ("Myers"), by and through counsel, and, moves this Court to extend the time to file pretrial motions by 14 days to resolve the issue discussed below.  In support of this motion, Myers states as follows.

1. *United States v. McQueen*, 777 F.3ed 1444 (11th Cir. 2012), involved four defendants charged in a multi-count indictment with violations of Title 18 U.S.C. §§ 241 and 1519.

2. In specific, the indictment alleged four corrections officers conspired to deprive inmates of their right to be free from cruel and unusual punishment and that two of the four filed false reports to conceal the crime. *See id*. at 1147.

3. Among other things, the government sought to introduce 404(b) evidence against two of the defendants. *See id*.

4. The evidence alleged the two "organized fights among inmates, [] regularly carried broomsticks as weapons, and that [one of the two] routinely disciplined inmates using extreme and violent measures." *Id*.

5. To avoid prejudice to the other two, non-404(b) defendants, "the district court

1

concluded that the trial should engage the services of two petit juries. One jury would hear all the evidence, including the evidence of other crimes, wrongs, or acts, and decide the…fate [of the defendants to whom the 404(b) evidence applied]; the other jury would decide the [other two defendants'] cases but would not observe the 404(b) evidence." *Id*. at 1147-48.

6. Here, Myers is charged in a four-count indictment with three co-defendants.

7. The government alleges three of the defendants, Myers included, aided and abetted one another while acting under color of law to violate a right protected by the United States Constitution.

8. The indictment also alleges these same three defendants conspired to obstruct justice.

9. Thus, the indictment here is not unlike the indictment in *McQueen*.

10. Myers, however, does not know what if any 404(b) evidence the government might use against his co-defendants and so cannot determine what if any prejudicial effect it might have on him at trial.

11. For this same reason, Myers cannot assess the propriety of a motion for relief similar to that granted in *McQueen* or perhaps available through a pretrial motion.

12. To resolve this matter, Myers, through counsel, contacted the government for early access to the 404(b) evidence it intends to use at trial.

13. The government does not wish to divulge this evidence, though.

14. Myers thus proposes the following:  This Court can compel the government to provide him with early access to its 404(b) evidence so he can determine if its potential prejudicial effect warrants a request for relief similar to that granted by the district court in *McQueen* or this Court can review the evidence *in camera* and make

      its own determination as to its potential prejudicial effect and whether or not that potential effect warrants its early release.

15. This process will further the efficiency of the proceedings through early resolution of a matter that might not otherwise arise until seven days before trial.

WHEREFORE, Defendant, through counsel, respectfully requests this Court extend the time to file pretrial motions by 14 days to resolve the issue discussed above.

      Respectfully submitted,

      ROSENBLUM, SCHWARTZ & FRY, PC

By:   /s/ *Adam D. Fein*
      ADAM D. FEIN, # 52255
      Attorney for Defendant
      120 S. Central Avenue, Suite 130
      Clayton, Missouri 63105
      (314) 862-4332/Facsimile (314)862-8050
      Email: srosenblum@rsflawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 4, 2019, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Emily M. Savner, Ms. Fara Gold, Ms. Jennifer A. Winfield, and Mr. Reginald L. Harris, assistant United States attorneys.