UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 4:18CR00975 CDP/JMB |
| DUSTIN BOONE, ) | |
| CHRISTOPHER MYERS, ) | |
| RANDY HAYS, and ) | |
| BAILEY COLLETTA, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT MYERS'S SECOND MOTION TO EXTEND TIME**

The United States of America files this response in opposition to Defendant Myers's Second Motion to Extend Time. Defendant Myers belatedly seeks additional time to file pre-trial motions without adequate justification. Absent an alternative finding by the Court as to why Defendant Myers needs additional time to file pre-trial motions, his motion should be denied for the following reasons.

In its February 25, 2019, Scheduling Order (Doc. 59), this Court granted all of the Defendants' requests for additional time until May 10, 2019, to review discovery that the United States had provided so that each Defendant could determine which, if any, pretrial motions they needed to file. This Court's Order stated that the schedule therein was "firm," and would only be altered upon a motion "made before the expiration of the deadline, and upon a showing of exceptional circumstances." Doc. 59 at 2, 5. Defendant Myers's Second Motion to Extend does not satisfy those requirements.

1

First, after Defendant's First Motion to Extend (Doc. 72), this Court granted him until June 3, 2019, to file any pretrial motions or indicate that he again needed additional time. Doc. 73. Contrary to the original scheduling order, Defendant Myers filed his Second Motion to Extend after the expiration of this Court's deadline, albeit by one day.

Second, and more importantly, Defendant Myers fails to make the required showing of "exceptional circumstances." Couched as a Motion to Extend for the purpose of seeking additional time to file pre-trial motions, Defendant Myers appears to be moving the Court to compel the United States to provide additional discovery. As the United States has represented to this Court—and as Defendants have acknowledged—the United States has complied with its discovery obligations in this case. Further, the United States also made early disclosures of specific grand jury transcripts in an effort to help the Defendants understand the nature of the evidence against them. Through these disclosures, and through the United States' supplemental disclosures pursuant to its continuing discovery obligations, the United States has provided, among other materials, Defendant Myers's internal affairs file as well as voluminous text messages sent and received by Defendant Myers and among his co-defendants.

Those materials, to include incidents in which Defendant Myers, his co-defendants, and his colleagues within the St. Louis Metropolitan Police Department discuss uses of excessive force, fabrication of police reports, and arrests without probable cause, among other questionable behavior, may, upon further investigation, form the basis for the United States to file a notice pursuant to Fed. R. Evid. 404(b) or to seek a superseding indictment. Indeed, the United States has informed each Defendant that there is an ongoing investigation into their conduct related to both charged and uncharged offenses, stemming in large part from the content of their text messages. To that end, Defendant Myers is aware of what the United States is investigating, not

only because he himself knows what he has done in the past, but also because he has access to his text messages and those of his co-defendants. Such knowledge should inform any pre-trial motions he intends to file. Moreover, there has been no change in circumstance between Defendant's first motion for an extension of time and this one, to warrant granting additional time to file pre-trial motions.

As of the date of filing this motion, the United States is not prepared to file a notice pursuant to FRE 404(b), nor does it have additional discovery to provide to Defendant Myers consistent with that notice. The United States will, of course, abide by its discovery obligations and provide supplemental discovery as it continues its investigation. Likewise, the United States will provide timely, if not early, FRE 404(b) notice if it intends to seek admissibility of such evidence at trial.

Further, Defendant Myers's reliance on *United States v. McQueen*, 727 F.3d 1144 (11th Cir. 2013), is misplaced, and does not provide Defendant Myers with exceptional circumstances that might warrant a second extension of time. In that case, the United States sought to introduce evidence of other crimes, wrongs and acts pursuant to FRE 404(b) against two of the four charged defendants. To ensure that the remaining two defendants were not unfairly prejudiced, and over the United States' objection, the trial court used two petit juries to hear the trial: one for the two defendants with the FRE 404(b) evidence and one for the two defendants who did not have such evidence admitted against them. Ironically, the jury that heard the FRE 404(b) evidence acquitted one defendant and hung as to the other defendant (who later pled guilty). The other jury that did not hear the FRE 404(b) evidence convicted the two defendants. Because the convicted defendants had the separate jury they requested, and they therefore did not appeal the

trial court's decision, the Eleventh Circuit Court of Appeals never considered whether the trial court's decision to have two petit juries was appropriate.[1]

Therefore, unlike Defendant Myers's showing in his First Motion to Extend that he had only recently received certain supplemental disclosures and thus needed more time to file pre-trial motions, he has not made such a showing here. Absent Defendant Myers articulating some other legitimate reason for additional time, the United States requests that the Defendant's motion be denied.

Respectfully submitted,

| | |
|---|---|
| JEFFREY B. JENSEN | ERIC S. DREIBAND |
| United States Attorney | Assistant Attorney General |
| Eastern District of Missouri | Civil Rights Division |
| | |
| REGINALD HARRIS | FARA GOLD |
| Executive Assistant United States Attorney | Special Litigation Counsel |
| JENNIFER WINFIELD | JANEA LAMAR |
| Assistant United States Attorney | Trial Attorney |
| 111 S. 10th Street, Room 2200 | Civil Rights Division |
| St. Louis, MO 63101 | Criminal Section |
| (314) 539-2200 | (202) 305-1896/616-6941 |
| reginald.harris@usdoj.gov | fara.gold@usdoj.gov |
| jennifer.winfield@usdoj.gov | janea.lamar@usdoj.gov |

---

[1] Of note, *McQueen* actually held that the trial court's significant departures from the guidelines were substantively unreasonable *(i.e.* too lenient) for defendant-corrections officers convicted of brutally assaulting inmates in their custody and then attempting to cover up their crimes. The Court so held, while citing the Congressional Record, that violations of 18 U.S.C. § 1519 (of which Defendant Myers is charged with violating) are "particularly serious because the obstructions of justice [here, was] intended by law enforcement officers to conceal the repeated physical abuse of many inmates at their own hands." McQueen at 1159 (11th Cir. 2013). In short, McQueen stands for the proposition that if convicted at trial of the serious crimes for which is charged, Defendant Myers should be sentenced accordingly.

## **CERTIFICATE OF SERVICE**

     I hereby certify that on June 10, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Counsel of Record:

Scott Rosenblum
Adam Fein
Attorneys for Defendant Christopher Myers

                                                  s/
                                                 FARA GOLD
                                                 Special Litigation Counsel
                                                 Civil Rights Division, Criminal Section
                                                 U.S. Department of Justice