UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. S1-4:18 CR 975 CDP |
| DUSTIN BOONE, CHRISTOPER MYERS, and STEVEN KORTE, | ) ) ) ) ) ) |
| Defendants. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT MYERS' MOTION IN LIMINE TO EXCLUDE TESTIMONY ABOUT THE SETTLEMENT BETWEEN THE CITY OF ST. LOUIS AND L.H. AND ITS DOLLAR AMOUNT**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Carrie Costantin and Robert F. Livergood, Assistant United States Attorneys for said District, and files this Response to Defendant Myers' Motion in Limine to Exclude Testimony About the Settlement Between the City of St. Louis and L.H. and Its Dollar Amount.

In 2019, victim L.H. filed a federal civil lawsuit against the City of St. Louis and others including defendants Boone, Hays, Myers, Colletta and Korte for the assault on September 17, 2017. Recently, L.H. settled with the City of St. Louis for $5 million and, due to the settlement, is expected to dismiss the lawsuit.

On February 17, 2021, defendant Korte filed a Notice of Intent to Use Business Records in which he stated that, *inter alia,* he intended to offer the federal complaint into evidence. On February 22, 2021, defendant Myers filed a Motion in Limine to Exclude Testimony About the

1

Settlement Between the City of St. Louis and L.H. and Its Dollar Amount.

As stated in the Government's First Motion in Limine, evidence or cross-examination about the contents of the lawsuit is improper.   Such evidence is subject to limitation or exclusion under Fed. R. Evid. 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Because civil proceedings involve different laws and legal standards, questions from defense counsel that seek information beyond the mere fact of the lawsuit and the financial benefit he has received from it would be unduly prejudicial to the Government and highly misleading to the jury. Thus, any additional inquiry concerning the civil lawsuit should be barred under Rule 403. Counsel should also be prohibited from suggesting that the settlement of a lawsuit has any non-impeachment relevance to the jury's deliberations.   Moreover, if evidence of the lawsuit is admitted to show bias, then evidence of the settlement should be admitted to show that L.H. has literally nothing to gain by testifying in the criminal case.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Defendant Myers' Motion in Limine to Exclude Testimony About the Settlement Between the City of St. Louis and L.H. and Its Dollar Amount.

                                                  Respectfully submitted,

                                                  SAYLER A. FLEMING
                                                  United States Attorney

                                                   s/*Carrie Costantin*
                                                  CARRIE A. COSTANTIN #35925MO
                                                  ROBERT F. LIVERGOOD #35432MO
                                                  Assistant United States Attorneys

111 S. 10th Street, Room 20.333
St. Louis, Missouri   63102
(314) 539-2200
carrie.costantin@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

s/*Carrie Costantin*
CARRIE COSTANTIN   #35925 MO
Assistant United States Attorney