UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No.: S1-4:18-cr-00975-CDP (JMB) |
| | ) | |
| DUSTIN BOONE, | ) | |
| CHRISTOPHER MYERS, and | ) | |
| STEVEN KORTE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS STEVEN KORTE'S AND CHRISTOPHER MYERS'
JOINT PROPOSED JURY INSTRUCTIONS**

COME NOW Defendant, Steven Korte ("Defendant" or "Korte"), by and through

undersigned counsel, John P. Rogers, and Defendant Christopher Myers, by and through

undersigned counsel, N. Scott Rosenblum, and hereby submit the following proposed jury

instructions.

Respectfully submitted,

Rogers Sevastianos & Bante, LLP

By:     */s/ John P. Rogers*
        JOHN P. ROGERS, #38743MO
        Attorney for Defendant Korte
        120 S. Central Avenue, Suite 160
        Clayton, Missouri 63105
        (314) 354-8484
        Facsimile 354-8271
        jrogers@rsblawfirm.com

ROSENBLUM, SCHWARTZ & FRY, P.C.

By:     */s/ N. Scott Rosenblum*
        N. SCOTT ROSENBLUM # 33390MO
        Attorney for Defendant Myers
        120 South Central Avenue, Suite 130
        Clayton, Missouri 63105
        (314) 862-4332/Facsimile 862-8050
        srosenblum@rsflawfirm.com

## **CERTIFICATE OF SERVICE**

By signature below, I hereby certify that on March 9, 2021, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Assistant United States Attorneys Carrie Constantin and Robert Livergood.

                                    */s/ John P. Rogers__*

**Instruction No. \_\_\_\_**

     In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

     In deciding what testimony to believe, consider the witness' intelligence, the witness' ability to observe matters as to which he testified and whether the witness is supported or contradicted by other evidence in the case, the witness' memory, any motives the witness may have for testifying a certain way, the witness' relation to or feelings toward any party in interest, the manner of the witness while testifying, whether the witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

     In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

     [You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.]

8th Circuit Model Jury Instruction 3.04, as modified by *Clark v. United States*, 391 F.2d 57, 60 (8th Cir. 1968) and *United States v. Merrival*, 600 F.2d 717, 719 (8th Cir. 1979)

Offered by Defendants

**Instruction No. _____**

The crime of deprivation of civil rights as charged in Count One of the indictment against defendants Dustin Boone, Christopher Myers, and Steven Korte has four essential elements, which are:

*One*, on or about September 17, 2017, in the Eastern District of Missouri, the defendant deprived L.H. of a right, privilege, or immunity secured by the Constitution or laws of the United States, that is, the right to be free from unreasonable seizure by a law enforcement officer by means of unreasonable force, by committing one or more of the following acts: throwing L.H. to the ground or kicking L.H. or striking L.H. while he was compliant and not posing a physical threat to anyone;

*Two*, the particular defendant acted willfully, that is, the particular defendant committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive L.H. of that right;

*Three*, the particular defendant acted under color of law; and

*Four*, bodily injury resulted from the particular defendant's conduct; or the particular defendant's conduct included the use of a dangerous weapon, that is, shod feet or a riot baton.

A person may be found guilty of a deprivation of civil rights, even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of a deprivation of civil rights

In order to have aided and abetted the commission of a crime a person must, before or at the time the crime was committed:

(1) have known that a deprivation of civil rights, that is, with respect to L.H.'s right to be free from unreasonable seizure by a law enforcement officer by means of unreasonable force, was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of the deprivation of civil rights that he was able to make the relevant choice to walk away from the crime before all elements of a deprivation of civil rights were complete;

(3) have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the deprivation of civil rights; and

(4) have acted willfully, that is, the defendant acted with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive L.H. of that right.

For you to find a defendant guilty of deprivation of civil rights by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of deprivation of civil rights were committed by some person or persons and that the defendant aided and abetted that crime; otherwise, you must find that particular defendant not guilty of this crime under Count One.

You may infer the defendant had the requisite advance knowledge of a deprivation of civil rights if you find the defendant failed to object or withdraw from actively participating in the commission of the deprivation of civil rights after the defendant observed another participant complete a deprivation of civil rights.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person

has become an aider and abettor. A defendant's presence at the scene of a crime and knowledge that a crime is being committed is not sufficient by itself to establish the defendant's guilt. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

To find that a defendant acted willfully, it is not necessary for you to find that the defendant knew the specific constitutional provision or federal law that his or her conduct violated. You may find that a defendant acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved. However, you must find that the defendant had a specific intent to deprive the person of a right protected by the Constitution or federal law.

The indictment charges that the defendants deprived L.H. of the following right, privilege or immunity: the right to be free from unreasonable seizure by a law enforcement officer by means of unreasonable force by a law enforcement officer. You are instructed that this right is one secured by the Constitution and laws of the United States.

Whether the use of force, if any, was reasonable is an objective determination. The question is whether an officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional. In determining whether the use of force, if any, was reasonable or not, you must consider whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You should keep in mind that not

every push or shove, even if it may later seem unnecessary, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

Acting "under color of law" means to act under any state law, county or city ordinance, or other governmental regulation, or to act according to a custom of some governmental agency. It means that the defendant acted in his official capacity or else claimed to do so, but abused or misused his or her power by going beyond the bounds of lawful authority.

 "Bodily injury" means (A) a cut, abrasion, bruise, burn or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary.

A "dangerous weapon" means any object capable of being readily used by one person to inflict bodily injury upon another person.

8th Circuit Model Jury Instructions 3.09, 5.01, and  6.18.242, as modified by *Graham v, Connor*, 490 U.S. 386, 396 (1989) and 7th Circuit Model Jury Instruction 5.07

Offered by Defendants

**Instruction No. \_\_\_\_**

The crime of destruction of evidence in contemplation of a federal investigation, as charged in Count Two of the Indictment, has three essential elements, which are:

One, on or about September 17, 2017, in the Eastern District of Missouri, the defendant knowingly altered, destroyed, or mutilated a tangible object used to record and preserve information, that is, a cellular phone;

Two, the defendant did so in contemplation of an investigation and with the intent to impede, obstruct, or influence the investigation; and

Three, the investigation was within the jurisdiction of the Federal Bureau of Investigation, which is an agency of the United States.

There is no requirement that the investigation have been pending at the time of the alteration, destruction, or mutilation of the tangible object, but only that the acts were taken in contemplation of an investigation.

The government is not required to prove that the defendant specifically knew the investigation was within the jurisdiction of a department of agency of the United States.

If all of these elements have been proved beyond a reasonable doubt as to defendant Christopher Myers, then you must find defendant Christopher Myers guilty of the crime charged in Count Two; otherwise, you must find defendant Christopher Myers not guilty of the crime charged in Count Two.

8th Circuit Model Jury Instruction 6.18.1519, as modified

Offered by Defendants

**Instruction No._____**

It is a crime to make a false material statement to an agency of the United States or about a matter within the agency's jurisdiction. This crime, as charged in Count Three of the Indictment, has five elements:

*One*, between July 25, 2018 and August 8, 2018, the defendant knowingly and intentionally made one or more of the following statements:

    (1) that he had not been involved in the arrest of L.H. on September 17, 2017,

    (2) that he had not yelled at L.H. "hands out," while participating in the arrest of L.H. on September 17, 2017, or

    (3) that his voice was not captured on a recording of L.H.'s arrest giving the command "hands out";

*Two*, that the particular statement was false;

*Three*, the particular statement concerned a material fact;

*Four*, the particular statement was made about a matter within the jurisdiction of the Federal Bureau of Investigation; and

*Five*, the defendant knew the particular statement was untrue when it was made.

A statement is "false" if it was untrue when it was made.

A "material fact" is a fact that would naturally influence or is capable of influencing a decision of the agency. Whether a statement is "material" does not depend on whether the agency was actually deceived or misled.

If all of these elements have been proved beyond a reasonable doubt as to defendant Steven Korte, then you must find defendant Steven Korte guilty of the crime charged in Count

Three; otherwise, you must find defendant Steven Korte not guilty of the crime charged in Count

Three.

8th Circuit Model Jury Instruction 6.18.1001B

Offered by Defendants

**Instruction No.**

You have heard that the witness Randy Hays was convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony.

8th Circuit Model Jury Instruction 2.18

Offered by Defendants

**Instruction No. _____**

You have heard that the witness Randy Hays pled guilty to a crime which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of the defendants' guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon his testimony.

8th Circuit Model Jury Instruction 2.19

Offered by Defendants

**Instruction No. _____**

You have heard evidence that Randy Hays has made a plea agreement with the government. His testimony was received in evidence and may be considered by you. You may give his testimony such weight as you think it deserves. Whether or not his testimony may have been influenced by the plea agreement is for you to determine. The witness' guilty plea cannot be considered by you as any evidence of the defendants' guilt. The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon his testimony.

8th Circuit Model Jury Instruction 4.04

Offered by Defendants

**Instruction No. _____**

You have heard testimony from Randy Hays who stated that he participated in the Count One crime charged against the defendants. His testimony was received in evidence and may be considered by you. You may give his testimony such weight as you think it deserves. Whether or not his testimony may have been influenced by his desire to please the government or to strike a good bargain with the government about his own situation is for you to determine.

8th Circuit Model Jury Instruction 4.05A

Offered by Defendants

**Instruction No. _____**

You have heard [are about to hear] evidence that Randy Hays hopes to receive a reduced sentence on the criminal charges pending against him in return for his cooperation with the government. Randy Hays entered into an agreement with the United States Attorney's Office which provides that in return for his assistance the government will recommend a less severe sentence on the crime to which he pled guilty. You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by his hope of receiving a reduced sentence is for you to decide.

8th Circuit Model Jury Instruction 4.05B

Offered by Defendants

**Instruction No. _____**

You have heard that Randy Hays pled guilty to a crime which arose out of the same events for which the defendant is on trial here. You have also heard evidence that Randy Hays hopes to receive a reduced sentence on the criminal charges pending against him in return for his cooperation with the government. You must not consider that witness' guilty plea as evidence of any other person's guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon his testimony. Whether or not his testimony may have been influenced by the plea agreement or by his desire to please the government or to receive a reduced sentence is for you to determine.

8th Circuit Model Jury Instruction 2.18, 2.19, 4.04, 4.05A, 4.05B as modified

Offered by Defendants in the alternative

**Instruction No. _____**

You [are about to hear] [have heard] [evidence] [testimony] that the defendant [Boone] [Myers] participated in sending and receiving certain text messages]. You may consider this evidence only if you (unanimously) find it is more likely true than not true that the defendant committed the act. This is a lower standard than proof beyond a reasonable doubt. You decide that by considering all of the evidence relating to the alleged act, then deciding what evidence is more believable. If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it only for the limited purpose of deciding whether [Boone] [Myers] had the state of mind or intent necessary to commit the crime charged in the indictment; or had a motive or opportunity to commit the acts described in the indictment; or committed the acts he is on trial for by accident or mistake. You should give it the weight and value you believe it is entitled to receive. Remember, even if you find that the defendant may have committed similar acts in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.

8th Circuit Model Jury Instruction 2.08

Offered by Defendants

**Instruction No._____**

As you know, there are three defendants on trial here: Dustin Boone, Christopher Myers, and Steven Korte. Each defendant is entitled to have his case decided solely on the evidence which applies to him. You may consider some of the evidence in this case only against defendant Dustin Boone; you may not consider that evidence against the other defendants. You may consider the evidence you [are about to hear] [just heard about], regarding text messages of Dustin Boone, only against defendant Dustin Boone. You must not consider that evidence when you are deciding if the government has proved, beyond a reasonable doubt, its case against defendants Christopher Myers and Steven Korte.

8th Circuit Model Jury Instruction 2.14

Offered by Defendants

**Instruction No.** _____

As you know, there are three defendants on trial here: Dustin Boone, Christopher Myers, and Steven Korte. Each defendant is entitled to have his case decided solely on the evidence which applies to him. You may consider some of the evidence in this case only against defendant Christopher Myers; you may not consider that evidence against the other defendants. You may consider the evidence you [are about to hear] [just heard about], regarding text messages of Christopher Myers, only against defendant Christopher Myers. You must not consider that evidence when you are deciding if the government has proved, beyond a reasonable doubt, its case against defendants Dustin Boone and Steven Korte.

8th Circuit Model Jury Instruction 2.14

Offered by Defendants

**Instruction No. \_\_\_\_\_**

You may consider the statements of defendant Dustin Boone only in the case against him, and not against the other defendants. You may not consider or discuss defendant Dustin Boone's statement in any way when you are deciding if the government proved, beyond a reasonable doubt, its case against the other defendants.

8th Circuit Model Jury Instruction 2.15

Offered by Defendants

**Instruction No.** _____

You may consider the statements of defendant Christopher Myers only in the case against him, and not against the other defendants. You may not consider or discuss defendant Christopher Myers' statements in any way when you are deciding if the government proved, beyond a reasonable doubt, its case against the other defendants.

8th Circuit Model Jury Instruction 2.15

Offered by Defendants

**Instruction No.**

You may consider the statements of defendant Steven Korte only in the case against him, and not against the other defendants. You may not consider or discuss defendant Steven Korte's statements in any way when you are deciding if the government proved, beyond a reasonable doubt, its case against the other defendants.

8th Circuit Model Jury Instruction 2.15

Offered by Defendants

**Instruction No. _____**

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of

proof remains on the government throughout the trial. The fact that a defendant did not testify

must not be considered by you in any way, or even discussed, in arriving at your verdicts.

8th Circuit Model Jury Instructions 4.01 and 3.08

Offered by Defendants

**Instruction No. _____**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

8th Circuit Model Jury Instruction 4.11

Offered by Defendants