UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:18-cr-975-CDP (JMB) |
| | ) |
| CHRISTOPHER MYERS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FROM EVIDENCE ITEM E OF THE GOVERNMENT'S NOTICE OF INTENT TO USE ADDITIONAL INEXTRICABLY INTERTWINED AND/OR 404(b) EVIDENCE, RULE 804(b)(5) EVIDENCE, AND RULE 6(e)(3)(E)(i) MOTION**

COMES NOW Defendant, Christopher Myers, by and through counsel, and hereby moves this Court enter an order in limine to exclude from evidence Item E of the Government's Notice of Intent to Use Additional Inextricably Intertwined Evidence and/or 404(b) Evidence.

**Government Item E:  Myers' Text Messages**

> YouTube Video of Myers (April 2016) and Text Messages concerning video (January 24, 2017, September 16, 2017)

### 1. Inextricably Intertwined Evidence

"[I]ntrinsic evidence [] is evidence of wrongful conduct other than the conduct at issue offered for the purpose of providing the context in which the crime charged occurred." *United States v. Campbell*, 764 F.3d 830, 888 (8th Cir. 2014). It "includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the crime charged." *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014).

1

The YouTube video[1] is not "inextricably intertwined" with the conduct alleged in count two of the indictment.[2] Count two alleges Myers' intentional commission of a criminal offense[3] on September 17, 2017, during the two weeks of civil disobedience that followed the Jason Shockley verdict. The April 27, 2016 video depicts Myers' boorish, but lawful, interaction with an inquisitive by-stander at the scene of an unrelated police investigation some 17 months earlier. *See* Government's Notice of Intent to Use Additional Inextricably Intertwined Evidence And/Or 404(b) Evidence, Doc. Text 416 at 31. In short, the two events are not substantively, temporally, or causally related and are no more "intertwined" than the thread from two different strands of fabric. For these same reasons, the 2016 video neither completes the story of, nor provides context to, Myers' alleged count-two offense.

*United States v. Ross*, 969 F.3d 829 (8th Cir. 2020), a case cited in the government's Notice, provides a useful point of comparison and exemplifies the sort of subject-matter-overlap that qualifies events as inextricably intertwined. *Ross* involved a multicount carjacking indictment of two defendants: Ross and King. *See id*. at 835. Two days before the carjacking, King told Ross he needed money. *See id*. In turn, Ross suggested they commit a robbery. *See id*. Two days later, Ross sent King a text: "sup foo let's rob these Mexicans down here." *Id*. Ross followed up with a second text two days after in which he asked King to meet. *See id*. King responded that he was on the way. *See id*. The carjacking took place shortly after. *See id*. The trial court admitted the defendants' statements and texts into evidence and a jury convicted them on all counts. *See id*. at 836, 842. Ross appealed on several grounds, including the trial court's decision to admit the text in which Ross suggested that he and King rob some Mexicans. *See id*.

---

[1] The discussion below applies to both the video and the texts included in Item E of the government's Notice.
[2] On March 29, 2012, a jury acquitted Myers on count one. *See* Docket Text 387.
[3] Count two alleged that Myers knowingly destroyed physical evidence in contemplation of an investigation and with the intent to obstruct the investigation. *See* Jury Instruction 11, Docket Text 392 at 18.

at 842. According to the Eighth Circuit, the trial court properly admitted the text as intrinsic evidence of the crimes charged because the text related to the defendants' agreement to commit the robbery that they discussed two days earlier and carried out two days later. *See id*. To state the obvious, the content of the April 2016 video does not relate to Myers' alleged offense in any remotely similar way.

*United States v. Hall*, 604 F.3d 539 (8th Cir. 2009), offers telling comparison, as well, and illustrates the kind of factual connection that will render a more temporally distant event "an integral part of the immediate context of the crime charged." *Id*. at 543. There, Hall was charged with mail and wire fraud based on a fraudulent real estate trust scheme. *See id*. at 540, 543. On the same day in 2003, Hall registered two real estate trusts under the same business name at a courthouse in Texas. *See id*. Thereafter, he convinced investors to purchase shares in the first trust based on false representations about the trust's assets, the return rate the investors could expect, and his own business background. *See id*. at 540-541. To the investors' dismay, Hall used their funds to finance a lavish lifestyle. *See id*. at 541. In 2006, Hall moved from Texas to Missouri and used the second trust to defraud investors there. *See id*. at 541-542. The second scheme soon came to light and Hall was subsequently indicted. *See id*. at 542. At trial, the government moved to introduce evidence of the first trust scheme as intrinsic evidence of the second. *See id*. at 543. The district court admitted the evidence, and, after a four-day trial, a jury convicted Hall on all counts. *See id*. at 542-543. Hall appealed and, among other things, argued the district court erred when it admitted the evidence of the first scheme. *See id*. at 543. The Eighth Circuit disagreed. According to the court, Hall created both trusts at the same time and place, used them in the same manner for the same criminal purpose, and relied on the second trust to lull at least one investor in the first trust into a false sense of security about his

investment. *See id*. In addition, evidence of the first trust was relevant to establish Hall's intent to defraud the investors in the second trust and helped fill a potential gap in the jury's understanding of the evidence. *See id*. at 543-544. It explained why the second trust lay dormant between 2003 and 2006 and why Hall moved the second trust from Texas to Missouri. *See id*. at 543. Thus, in *Hall*, the close factual connection between two otherwise temporally distant events rendered the first an "integral part" of the second. *Id*. at 543. Here, the April 2016 video and Myers' alleged September 2017 offense bear no similar close factual connection. The events are wholly unrelated, and the former event is in no sense an "integral part" of the latter.

### 2. Rule 404(b) Evidence

The 2016 video and the 2017 texts do not meet the requirements of Rule 404(b). At the threshold, the government's Notice does not provide the specific purpose for which the government intends to offer the video and texts or the reasoning to support any specific purpose. *See* Notice at p. 31; *see also* Fed. R. Crim. P. 404(b) ("In a criminal case, the prosecutor must…articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose.").

Presumably, the government intends to offer the evidence to prove Myers' intent or state of mind. But, on this score, the relevance of the video and texts is quite low. Myers' churlish behavior in April 2016 does little to establish his criminal intent to obstruct justice 17 months later. Rude behavior on one occasion is simply not indicative of criminal intent on a subsequent, much later occasion—— at least not in the absence of evidence to show some correlation between occasional rude behavior and intentional criminal misconduct.

In addition, it is not at all clear that the uncivil behavior even qualifies as a prior "bad act" or "wrong." Certainly, the government points to no case that suggests ill-mannered behavior so qualifies, and most people would likely be surprised to find that their offensive behavior on

4

one day could serve as evidence their criminal intent on another. At the same time, the April 2016 video depicts Myers as an unlikeable civil servant and makes more likely a jury verdict based on emotion than reason, particularly given the current charged environment surrounding allegations of police misconduct.

Despite the government's claim to the contrary, the event captured in the 2016 video is not similar to the charged offense, either. *See United States v. Turner*, 583 F.3d 1062, 1065-1066 (8th Cir, 2009) (Rule 404(b) evidence must be "similar in kind and close in time to the crime charged"). Most obviously, and as noted, the 2016 event involves a coarse response to a bystander with a handheld videocam. As charged, the 2017 event involves Myers' alleged use of force to intentionally destroy evidence in the form of a cellphone and to do so in contemplation of an investigation. A meaningful similarity between these events might exist had Myers' taken the bystander's videocam, knocked it from his hands, or perhaps threatened him for recording the event in the first place. But that's not what Myers did. He roughly and disrespectfully refused to give the bystander his name— a wrongheaded act, but an act entirely different in kind from the intentional, forcible, and criminal destruction of evidence alleged in count two of the indictment.

### 3. Conclusion

For the foregoing reasons, Defendant Myers moves this Court to exclude from evidence Item E of government's Notice of Intent to Use Additional Inextricably Intertwined and/or 404(b) Evidence because the evidence is not intrinsic to Myers' alleged offense, cannot be properly admitted under Rule 404(b), and its low probative value, if any, is substantially outweighed by the danger of unfair evidence.

Respectfully submitted,

By: */s/ Adam D. Fein*

ADAM D. FEIN, # 52255 MO
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332
afein@rsflawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2021, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Carrie Costantin and Mr. Robert Livergood, Assistant United States Attorneys.