**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

UNITED STATES OF AMERICA,    )
                                 )
              Plaintiff,   )
                                 )
    vs.                    ) No. 4:18-cr-975-ERW
                                 )
DUSTIN BOONE and CHRISTOPHER  )
MYERS,
                                 ) June 17, 2021
              Defendants.  )


**JURY TRIAL DAY #9
BEFORE THE HONORABLE E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE**

**APPEARANCES**

**FOR PLAINTIFF**              Carrie Costantin, Esq.
                           Robert F. Livergood, Esq.
                           U.S. Attorney's Office
                           111 S. 10th St., 20th Fl.
                           St. Louis, MO  63102
                           (314) 539-2200

**FOR DEFENDANT**            Patrick S. Kilgore, Esq.
Dustin Boone               Attorney at Law
                           1015 Locust, Suite 914
                           St. Louis, MO  63101
                           (314) 753-0096

**FOR DEFENDANT**            N. Scott Rosenblum, Esq.
Christopher Myers          Adam D. Fein, Esq.
                           Rosenblum, Schwartz, et al.
                           120 S. Central Ave., Suite 130
                           Clayton, MO  63105
                           (314) 862-4332

**REPORTED BY:**            Laura A. Esposito, RPR, CRR, CRC
                           U.S. District Court
                           111 South 10th Street
                           St. Louis, MO  63102
                           (314) 244-7739

    (PRODUCED BY COMPUTER-AIDED MECHANICAL STENOGRAPHY.)

1          *(Proceedings convened in open court with the*

2           *defendants and the jury present, at 9:05 a.m.)*

3          **THE COURT:**  Good morning, ladies and gentlemen.  Thank

4     you for your prompt appearance this morning.

5          It is now your duty to go to the jury deliberation

6     room on the ninth floor, and when you have reached your

7     verdicts, notify the Court Security Officer outside.  And

8     it's going to take a little while for those of us to

9     assemble here for your return but we shall do so as promptly

10    as we can.  We'll receive you when you have arrived at your

11    verdict.

12         You may now retire to the jury room and deliberate and

13    return your verdicts.  Thank you.

14         *(Jury out.)*

15         **THE COURT:**  I know that some of you need to be away

16    from here and I'm always worried about if we get notes.  I

17    still insist that there be one attorney from each team

18    remaining, available to come down quickly to address issues

19    of notes, but -- and, I don't know, like for everyone to be

20    here relatively soon after the jury comes down if you can

21    work something out.

22         How long will it take if you go back to your offices?

23         **MR. ROSENBLUM:**  Somewhere between 15 and 20 minutes,

24    depending on traffic.

25         **MR. KILGORE:**  Judge, my office is right at 10th and

1  Locust, but I plan on staying in the building or right

2  around the building.

3      *THE COURT:*  Okay.

4      *MR. ROSENBLUM:*  I'll just have some work brought down

5  to me.

6      *THE COURT:*  Okay.  All right.  I appreciate it.  That

7  would be the best.

8      All right.  Court's in recess, and we'll wait for

9  return of the verdicts.

10     *(Court recessed.)*

11     *(Proceedings reconvened in open court with the*

12      *defendants present.)*

13     *(Jury not present.)*

14     *THE COURT:*  The note reads:

15         ""We are unable to come to a unanimous vote

16        on either defendant."

17     *MS. COSTANTIN:*  Judge, I guess the only question is if

18  we should be reading an *Allen* charge or not at this time.

19     *MR. ROSENBLUM:*  I would object to the *Allen* charge.

20  And if the Court is inclined, I would ask the Court to bring

21  the jury down and ask if -- not, obviously, what the split

22  is, but if they believe further deliberations would move the

23  needle at all.

24     *THE COURT:*  I have -- I've never been in a position

25  before where reading the *Allen* charge was a possibility.  I

1   have it here just so there's no question that it is

2   available.  My concern is, it's basically telling them

3   that -- sometimes called the "hammer instruction" -- to go

4   back and do something else, which is not all together true.

5          There's -- some parts in this are pretty good.  If

6   they reach a verdict, it says:

7              "Remember that if, in your individual

8              judgment, the evidence fails to establish

9              guilt beyond a reasonable doubt, then the

10             defendant should have your vote for a not

11             guilty verdict.  If all of you reach the same

12             conclusion, then the verdict of the jury must

13             be not guilty."

14         Of course, *Allen* applies:

15             "If, in your individual judgment, the

16             evidence establishes guilt beyond a reasonable

17             doubt, then your vote should be for a verdict

18             of guilty, and if all of you reach that

19             conclusion, then the verdict of the jury must

20             be guilty.  As I instructed earlier, the

21             burden is upon the government" -- da-da-da.

22         I would prefer to have the jury brought down and

23  explain that, in the event they are unable to reach a

24  verdict, then it will be necessary for a retrial of this

25  case.  And they're in the best position, having seen all the

1    evidence, to make that decision.  I'm going to invite them

2    to go back to the jury room while lunch is -- it's being

3    provided -- and, while they have lunch, to try again, if

4    they can, to reach a unanimous verdict.  And that would be

5    what I would prefer to do, but I want to hear fully from

6    everyone.

7         **MS. COSTANTIN:**  Judge, I would just ask that the *Allen*

8    charge be given, that Instruction 10.02 be given.  There's a

9    paragraph in there that says a version of what you just

10   said, which is:

11            "There's no reason to think that another

12            trial would be tried in a better way or a more

13            conscientious, impartial, or competent jury

14            would be selected to hear it.  Any future jury

15            must be selected in the same manner and from

16            the same source as you.  If you should fail to

17            agree on a verdict, the case is left open and

18            must be disposed of at some later time."

19   So I would just prefer that we stick with suggested

20   Eighth Circuit instructions.  Just ask that that be read to

21   them, the entire 10.02, not just that paragraph.

22        **MR. ROSENBLUM:**  I would object to any instruction at

23   this point because of the danger of a forced verdict.  This

24   is the second jury that, on these two charges, have

25   indicated they're unable to reach a verdict.  I think that

1   we could -- I think the Court can have them in open court

2   and ask whether or not further deliberations would result in

3   a verdict, and let the foreman speak on behalf of the jury,

4   and then go from there.

5       **THE COURT:**  Okay.  Well, I'm not sure.  I'm not likely

6   going to take that approach, but I'll bring the jury down.

7       **MR. ROSENBLUM:**  I would say that if the Court is

8   inclined to read a portion, I would join the request that

9   they read -- that the Court would read the entire charge,

10  but, again, I would ask that the Court show my objection to

11  it.

12      **THE COURT:**  Okay.  All right.  Well, I may read the

13  entire charge.  Okay.  Bring them down.

14      *(The following proceedings were conducted with the*

15       *defendants and the jury present:)*

16      **THE COURT:**  I have a message that at this point you

17  have been unable to reach a unanimous verdict on either

18  defendant.  Is that accurate?

19      **JUROR:**  Yes.

20      **THE COURT:**  Your lunch is -- am I correct, it's on its

21  way up to the jury room?  Okay.

22      I'm going to read to you one more instruction and ask

23  that you return to the jury room, have lunch, and then

24  consider this instruction:

25      As stated in my instructions, it is your duty to

1     consult with one another and to deliberate with a view of

2     reaching agreement if you can do so without violence to your

3     individual judgment.  Of course, you must not surrender your

4     honest convictions as to the weight or effect of the

5     evidence solely because of the opinions of other jurors or

6     for the mere purpose of returning a verdict.  Each of you

7     must decide the case for yourself, but you should do so only

8     after consideration of all the evidence with your fellow

9     jurors.

10         In the course of your deliberation you should not

11    hesitate to re-examine your own views and change your

12    opinion if you are convinced it is wrong.  To bring twelve

13    minds to unanimous result, you must examine the questions

14    submitted to you openly and frankly, with proper regard for

15    the opinions of others and with a willingness to re-examine

16    your own views.

17         Remember that if, in your individual judgment, the

18    evidence fails to establish guilt beyond a reasonable doubt,

19    then defendant should have your vote for a not guilty

20    verdict.  If all of you reach the same conclusion, then the

21    verdict of the jury must be not guilty.  Of course, the

22    opposite also applies.  If in your individual judgment the

23    evidence establishes guilt beyond a reasonable doubt, then

24    your vote should be for a verdict of guilty, and if all of

25    you reach that conclusion, then the verdict of the jury must

1  be guilty.

2       As I instructed you, earlier, the burden is on the

3  government to prove, beyond a reasonable doubt, every

4  element of the crimes charged.

5       Finally, remember that you are not partisans; you are

6  judges, judges of the facts.  Your sole interest is to seek

7  the truth from the evidence.  You are the judges of the

8  credibility of the witnesses and the weight of the evidence.

9       You must conduct your deliberations as you choose, but

10  I suggest that you carefully reconsider all of the evidence

11  bearing upon the question before you.  You may take all the

12  time that you feel necessary to do so.

13       There is no reason to think that another trial would

14  be tried in a better way or that a more conscientious,

15  impartial, or competent jury would be selected to hear it.

16  Any future jury must be selected in the same manner and from

17  the same source as you.  If you should fail to agree on a

18  verdict, the case is left open and must be disposed of at

19  some later time.

20       So, please go back now to further finish your

21  deliberations, have lunch, in a manner consistent with your

22  good judgment as reasonable persons.

23       And, so, I ask that you do so and fully understand how

24  hard you have been working.  I'm not suggesting you haven't

25  worked hard enough.  So, please go back and consider this

 1    instruction, have lunch, and we'll hear from you later.

 2        Thank you.

 3        *(Jury out.)*

 4        **THE COURT:**  Stand by and I'll keep everyone informed

 5    of any information that I receive.

 6        *(Court recessed.)*

 7        *(Proceedings reconvened in open court with the*

 8        *defendants present.)*

 9        *(Jury not present.)*

10        **THE COURT:**  Here is the question -- at this time it's

11    a question:

12              "We have a question regarding Boone's

13              special findings.  When checking off the

14              options, are we saying he 'aided and abetted'

15              bodily injury or" -- then there's -- still

16              have to look at it.  There's like an "S" and a

17              slash "or" -- "with a baton or he physically

18              struck with the baton causing bodily injury?"

19        I'm going to answer the question, not necessarily as I

20    state here because I want you to -- do you have a way to

21    make several copies of this note?

22        **DEPUTY CLERK:**  Yes.

23        **THE COURT:**  Would you make half a dozen copies, or

24    ten.

25        This language may very well be changed, but here's

*USA vs. Boone and Myers, Case #18-975*     6/17/21 - Pg. 9
*Trial Day #9*

```
 1    where I conclude I will start:
 2               "Only if you first find Defendant Boone
 3          guilty will you answer the first line" -- and
 4          that is, slashes, there's a line -- "bodily
 5          injury occurred.  If you find bodily injury
 6          occurred, then you will" -- after the line --
 7          "the conduct included the use of a baton,
 8          weapon, to wit, a riot baton.
 9               "But I don't expect you to respond until
10          two things happen:  You see the note and you
11          examine this instruction."
12        MS. COSTANTIN:  Yes, that's what I would ask.
13        THE COURT:  Also have a bunch of copies made when she
14    gets back.
15        MS. COSTANTIN:  Thank you.
16        (Break to make copies of the jury's note and
17          distribute them to counsel.)
18        MS. COSTANTIN:  Judge, I have a proposal.
19        THE COURT:  You might want to hold up until we get the
20    second note, which is on its way down, I just found out
21    about 60 seconds ago.
22        (Deputy Clerk brings in another jury note.)
23        THE COURT:  Here's the note:
24               "We are not going to come to a unanimous
25          decision regarding Myers.  We have decided on
```

```
 1              Boone."

 2         So this question appears to be irrelevant.

 3         MS. COSTANTIN:  I would agree, Judge.  I would agree

 4    with you.

 5         THE COURT:  Show them, please.

 6         (Deputy Clerk showing jury note to counsel.)

 7         THE COURT:  I'm still wondering if I should send up

 8    this note because they still have a question.

 9         MS. COSTANTIN:  Judge, I believe if they've decided,

10    they've decided.

11         THE COURT:  Well, but maybe they --

12         MS. COSTANTIN:  Would you want to send them a note

13    that says:  "Do you want us to answer your first note?"

14         THE COURT:  Someone has a suggestion for a change, no

15    one --

16         MS. COSTANTIN:  Judge, my suggestion was going to be:

17              "Only if you find defendant, Dustin Boone,

18         guilty of aiding and abetting the commission

19         of the crime of deprivation of civil rights as

20         charged in Count One will you proceed to the

21         special findings.  The special findings ask

22         which, if any, of the following he aided and

23         abetted:  One, bodily injury resulted; two,

24         the conduct included the use of a dangerous

25         weapon, to wit, a riot baton."
```

1          That's what I was proposing to send back.

2          **THE COURT:**  I would send that note up unless there's

3     an objection.

4          **MR. KILGORE:**  Judge, I would ask that you respond,

5     "You should be guided by the instructions," but if you're

6     going to send that note back, I would ask that it track the

7     language of the instruction and change the word "occurred"

8     to "resulted."

9          **MS. COSTANTIN:**  Didn't I say "resulted"?

10         **MR. KILGORE:**  I'm just reading from what you said.

11         **MS. COSTANTIN:**  I'm -- my proposal is different.  My

12    proposal's:

13              "Only if you find defendant, Dustin Boone,

14              guilty of aiding and abetting the commission

15              of the crime of deprivation of civil rights as

16              charged in Count One will you proceed to the

17              special findings.

18              "The special findings ask which of the

19              following he aided and abetted:

20              "The first one is bodily injury resulted;

21              and the second is, the conduct included the

22              use of a dangerous weapon, to wit, a riot

23              baton."

24         **MR. KILGORE:**  If you're going to respond --

25         **MS. COSTANTIN:**  Judge, can we approach?

1      **THE COURT:**  Sure.

2                              *   *   *   *

3      **(Discussion held at sidebar between the Court and**

4       **counsel as follows:)**

5      **MS. COSTANTIN:**  Judge, I generally don't know if we

6   should be responding to their note if they now say they have

7   a decision.  I just don't know.

8      **THE COURT:**  The reason I think we should answer the

9   question -- it makes all the difference in the world.  If

10  they find him guilty, they need to know really what those

11  two options are because it's always been confusing to me.

12     **MS. COSTANTIN:**  Judge, then given that, this would be

13  what I would ask the Court to instruct in response to that

14  question.

15     **THE COURT:**  Okay.

16          "Only if you first find defendant,

17          Dustin Boone, guilty of aiding and abetting

18          the commission of the crime of deprivation of

19          civil right as charged in Count One, will you

20          proceed to the special findings.

21          "The special findings are, ask which of" --

22      Now, should it say, "which"?  I mean, I guess they

23  can --

24     **MS. COSTANTIN:**  You're right.  It could say, "which,

25  if any."

*USA vs. Boone and Myers, Case #18-975*          6/17/21 - Pg. 13
*Trial Day #9*

1      **THE COURT:**  Now, just -- I'm going to read it from the

2  start:

3            "Only if you first find defendant,

4        Dustin Boone, guilty of aiding or abetting the

5        commission of the crime of deprivation of

6        civil rights as charged in Count One, will you

7        proceed to the special findings.

8            "The special findings ask which of the

9        following he aided and abetted" -- "which, if

10       any, of the following he aided and abetted."

11       And then it's, "bodily injury resulting," and

12       then the second line is, "the conduct included

13       the use of a dangerous weapon, to wit, a riot

14       baton."

15     Sarah has beautiful handwriting.  We don't have time

16  to type it.

17     **MS. COSTANTIN:**  Thanks.  It's just easier to talk

18  about it at sidebar.

19     ***(End of discussion at sidebar.)***

20                        *  *  *  *

21     **THE COURT:**  Is this correct as discussed off the

22  record?

23     **MS. COSTANTIN:**  Yes, Your Honor.

24     **MR. KILGORE:**  Yes, Your Honor.

25     **MS. COSTANTIN:**  I thought we were on the record.

1    **THE COURT:**  We were on the record.  I meant when we

2    had the last -- I want to read it into the record:

3         "Only if you find defendant, Dustin Boone,

4         guilty of aiding and abetting the commission

5         of the crime of deprivation of civil rights as

6         charged in Count One, will you proceed to the

7         special findings.

8         "The special findings ask which, if any, of

9         the following he aided and abetted."  One,

10        "bodily injury resulted"; line, "the conduct

11        included the use of a dangerous weapon, to

12        wit, a riot baton."

13   Would you take this up, please.

14   Court's in recess.  I'll notify you as soon as I have

15   any other information.

16        *(Court recessed.)*

17   **THE COURT:**  About five minutes ago -- it is now

18   3:35 -- the team clerk, Kelley Shirley, went up and before

19   she -- tell me if I'm incorrect.  Before she got to the jury

20   room where she was going make an inquiry at my request, she

21   saw someone coming out.

22   **DEPUTY CLERK:**  Yes.  They were on like a restroom

23   break.

24   **THE COURT:**  They were on restroom break.

25   **DEPUTY CLERK:**  They handed that to Rhonda and Rhonda

1   handed it to me.

2          **THE COURT:**  It is:

3                 "We will not be able to unanimously agree

4              on Myers Count Two on both sides are firmly

5              set."

6          It's a little confusing.  Looks like it was a period

7   after "Count" and then, "Two on both sides are firmly set."

8          Okay.  You were --

9          **MR. ROSENBLUM:**  Yes, Your Honor.  I would ask, on

10  behalf of Mr. Myers, if the Court officially declares a

11  mistrial with respect to Mr. Myers.  And with respect to --

12  I think Mr. Kilgore can speak on behalf of Mr. Boone.

13         **THE COURT:**  Okay.  Well, first, I would not be

14  inclined to do so until after we get the jury in the box and

15  see what they actually --

16         **MR. ROSENBLUM:**  I would agree with that.

17         **THE COURT:**  Anything, Mr. Kilgore?

18         **MR. KILGORE:**  Judge, I was going ask, on behalf of

19  Mr. Boone, that the jury continue to deliberate until they

20  reach a verdict.

21         **THE COURT:**  Yeah.

22         **MS. COSTANTIN:**  Judge, I believe the jury in a

23  previous note indicated they already had a verdict or a

24  decision regarding Mr. Boone, so I would just ask that you

25  receive the jury's verdict on that count, and then if they

1    are hung on the other count, then declare a mistrial as to

2    Mr. Myers.

3         **THE COURT:**  No, no, no.  That's not even close.  What

4    happened was, we agreed on another instruction that was sent

5    up to the jury to clarify or hopefully clarify the last part

6    of verdict form on Count 1, and so they haven't -- I have

7    not received information that they have decided the guilt or

8    innocence of Mr. Boone.  The note says something -- "We have

9    decided on Boone," but that was before we sent up -- I sent

10   up the other clarifying instruction.  So I would not under

11   any circumstances declare that the jury has resolved the

12   issue as to Mr. Boone.

13        **MS. COSTANTIN:**  So, okay.  You intend to send up -- it

14   says, "continue deliberating on."

15        **THE COURT:**  Well, I'm going to take Mr. Kilgore's

16   suggestion that we allow the jury to deliberate on

17   Mr. Boone.  Obviously, we have no firm indication what they

18   will do after they see the clarifying instruction as to the

19   two supplemental findings on the verdict form, so I'm going

20   to allow them to take whatever time they need until they

21   tell me they have a verdict.

22        **MR. ROSENBLUM:**  And with respect to Mr. Myers, are you

23   planning on declaring a mistrial?

24        **THE COURT:**  Not at this time.  Not until I hear it

25   from the jury that they are unable to reach a unanimous

1    verdict as to Mr. Myers.

2         **MR. ROSENBLUM:**  Wasn't that that the last note,

3    Your Honor?

4         **THE COURT:**  I want the jury in the box on the record

5    telling me what they're going to do.  I'm not going to take

6    the notes as --

7         **MR. ROSENBLUM:**  So we're going hear from the jury now?

8         **THE COURT:**  No.  We're going to hear from the jury

9    when they say they've finally reached their final decisions.

10   We don't know what that is yet.

11        **MS. COSTANTIN:**  What's the proposed note to send to

12   them now, Judge?  I'm sorry.

13        **THE COURT:**  Well, we -- one of my law clerks, who has

14   excellent handwriting, wrote the note out, "we agree" -- do

15   you have it?

16        **MS. COSTANTIN:**  Judge, I understand what was said

17   before.  I'm just saying, what do you plan to send back in

18   response to the note?

19        **THE COURT:**  I don't plan to send anything back.

20        **MR. ROSENBLUM:**  Your Honor, could we approach?

21                        *   *   *   *

22        *(Discussion held at sidebar between the Court and*

23         *counsel as follows:)*

24        **DEPUTY CLERK:**  Judge, they have the original.  There's

25   a copy of it.

1      **MR. ROSENBLUM:**  Given the last note where the jury has

2  again indicated they are at serious loggerheads with respect

3  to Mr. Myers, I would ask the Court to bring the jury down

4  and declare a mistrial with respect to Mr. Myers, which

5  would not affect their ability to continue to deliberate

6  Mr. Boone if they so choose.

7      At this point I think there's some confusion.  I think

8  the jury may have some confusion.  Certainly I have some

9  confusion as to what they're instructed to do.  And I'm

10  concerned that if they perceive a lack of response or lack

11  of accepting their decision that they cannot reach a

12  verdict, as instructions to continue to deliberate, that

13  could, in fact, result in a coerced verdict with respect to

14  Mr. Myers.  That would be -- that's my concern.

15      **THE COURT:**  Well, one possible solution to that, we

16  send up a note saying, "I understand that you have reached a

17  verdict as to Mr. Boone and that you are continuing to

18  deliberate on the" -- on Count 2 -- on Count 1.

19      **MR. ROSENBLUM:**  I think the --

20      **MS. COSTANTIN:**  No.

21      **THE COURT:**  Well, I'm not going to do anything.

22      **MR. ROSENBLUM:**  I think that you just made a -- got

23  them reversed.  I would ask that the Court say, "I

24  understand that you cannot reach a verdict with respect to

25  Mr. Myers on Count 2, and you wish to continue to deliberate

1   with respect to Mr. Boone."  You just had the names wrong.

2        **DEPUTY CLERK:**  I think you just said Boone and you

3   meant Myers.

4        **THE COURT:**  Well, let's get it straight.  The first

5   verdict as to Count 1 is Boone; Count 2 is Myers.  And I'm

6   going send a note back saying.

7              "I understand you have reached a verdict --

8              "I understand you cannot agree on a verdict

9          of guilty or not guilty to Mr. Myers on

10         Count 2.  I understand you are continuing to

11         deliberate on Count 1."

12       **MS. COSTANTIN:**  I'm fine with that, Judge.

13       **MR. ROSENBLUM:**  I'm fine with that.

14       **THE COURT:**  Let me write it out and you can look at it

15  again.

16       Since the other form was in perfect handwriting --

17  where is she?  I'm going to ask her to write it; otherwise,

18  they may say, well, what's this?  The last one you could

19  read.  This one you can't.

20             "I understand you are unable to reach a

21         verdict on Count 2.  I understand you are

22         still deliberating on Count 1."

23       **MR. ROSENBLUM:**  The only thing I would ask, for

24  clarification, semicolon, Mr. Myers, or Defendant Myers,

25  Count 1.

1        **MS. COSTANTIN:**  Defendant Boone.  I think that's fine.

2    I think that's a good idea.

3        **THE COURT:**  It reads:

4            "I understand you are unable to reach a

5            verdict on Count Two, Mr. Myers.  I understand

6            you are still deliberating on Count One,

7            Mr. Boone.

8        **(End of discussion at sidebar.)**

9                        *   *   *   *

10       **THE COURT:**  To satisfy curiosity on a recent note, I'm

11   now sending back another note to the jury stating:

12           "I understand you're unable to reach a

13           verdict on Count Two on Mr. Myers.  I

14           understand you are still deliberating on

15           Count one on Mr. Boone."

16       The confusion was that the jury might be waiting up

17   there after the series of notes coming back and forth and

18   are unable to -- maybe just waiting.  So this is intended to

19   clarify the notes.

20       **(Court recessed.)**

21       **(Proceedings reconvened in open court with the**

22       **defendants present.)**

23       **THE COURT:**  Ms. Shirley is going to be bringing in the

24   two alternates in just a moment, so when it's appropriate,

25   everyone rise when they come in.  They've been very patient.

1   Yesterday they spent the entire day in chambers and today in

2   the jury assembly room, so they've been very willing to be

3   present.

4        There's another note, and your request was well

5   considered because on the jury instruction that I sent up:

6             "I understand you're unable to reach a

7             verdict on Count 2, Mr. Myers.  I understand

8             you're still deliberating on Count One,

9             Mr. Boone."

10       They sent a note back:

11            "No, we have made a decision on Count one."

12       So the court clerk is instructed to return the jury to

13   the jury box, please.

14       *(The alternate jurors enter the courtroom.)*

15   **THE COURT:**  We all know it's been a long two days for

16   you.  We've interacted on several occasions and I've come to

17   appreciate even more your dedicated service to this case.

18   It's always awkward when you put in all the time and do not

19   get to finish the work, but you were available, and that's

20   what was required.

21       So, thank you so much on behalf of all the court

22   personnel.  We appreciate your work and your effort.

23            *(Proceedings reconvened in open court with the*

24             *defendants and the jury present.)*

25            *(The Deputy Clerk hands the verdict forms to the*

1       *Court.)*

2                              **VERDICT**

3           *THE COURT:*  Ladies and gentlemen, I have now examined

4       the verdicts.  It is the practice here in every case for the

5       law clerk to go around and ask each of you individually,

6       after I state what your verdict is, is this your true and

7       correct verdict.  So you're not -- this is not anything

8       unusual; it just happens in this case.

9           On Count 1, Defendant Dustin Boone:

10              "We, the jury find the defendant,

11          Dustin Boone, guilty of aiding and abetting

12          the commission of a crime of deprivation of

13          civil rights as charged in Count 1 of the

14          indictment."

15          Under Special Findings, "bodily injury resulted" is

16      checked; "the conduct included the use of a dangerous

17      weapon, to wit, a riot baton" is checked.

18          Now would you please poll the jury as to their

19      verdict.

20          *DEPUTY CLERK:*  Juror Number 1, is this your true and

21      correct verdict?

22          *JUROR NO. 1:*  Yes, it is.

23          *DEPUTY CLERK:*  Juror Number 2, is this your true and

24      correct verdict?

25          *JUROR NO. 2:*  Yes.

1    **DEPUTY CLERK:**  Juror Number 3, is this your true and

2    correct verdict?

3    **JUROR NO. 3:**  Yes.

4    **DEPUTY CLERK:**  Juror Number 4, is this your true and

5    correct verdict?

6    **JUROR NO. 4:**  It is.

7    **DEPUTY CLERK:**  Juror Number 5, is this your true and

8    correct verdict?

9    **JUROR NO. 5:**  Yes, it is.

10   **DEPUTY CLERK:**  Juror Number 6, is this your true and

11   correct verdict?

12   **JUROR NO. 6:**  It is.

13   **DEPUTY CLERK:**  Juror Number 7, is this your true and

14   correct verdict?

15   **JUROR NO. 7:**  It is.

16   **DEPUTY CLERK:**  Juror Number 8, is this your true and

17   correct verdict?

18   **JUROR NO. 8:**  Yes.

19   **DEPUTY CLERK:**  Juror Number 9, is this your true and

20   correct verdict?

21   **JUROR NO. 9:**  It is.

22   **DEPUTY CLERK:**  Juror Number 10, is this your true and

23   correct verdict?

24   **JUROR NO. 10:**  It is.

25   **DEPUTY CLERK:**  Juror Number 11, is this your true and

1   correct verdict?

2         **JUROR NO. 11:**  It is.

3         **DEPUTY CLERK:**  Juror Number 12, is this your true and

4   correct verdict?

5         **JUROR NO. 12:**  It is.

6         **THE COURT:**  Received and filed.

7         On Count 2:

8              "We, the jury, find the defendant,

9         Christopher Boone, undecided of the crime of

10        destruction of evidence in the federal

11        investigation charged in Count 2 the

12        indictment."

13        And it's signed by the foreperson.  Would you poll the

14  jury, please.

15        **MR. ROSENBLUM:**  Judge, is this -- Judge -- I'm sorry.

16        **DEPUTY CLERK:**  It's Christopher Myers, correct.

17        **THE COURT:**  Yes.  What I'm asking -- I'm not -- I

18  should have explained this.  On this one I'm not asking you

19  individually if this is your true and correct verdict

20  because I know that there's a disagreement among you on this

21  one.  I'm just asking, is this a true and correct verdict of

22  the jury, that's undecided.  Understood?

23        *(Jurors nodding.)*

24        **DEPUTY CLERK:**  Juror Number 1, is this the true and

25  correct verdict of the jury?

1          *JUROR NO. 1:*  Yes.

2          *DEPUTY CLERK:*  Juror Number 2, is this the true and

3     correct verdict of the jury?

4          *JUROR NO. 2:*  Yes, it is.

5          *DEPUTY CLERK:*  Juror Number 3, is this the true and

6     correct verdict of the jury?

7          *JUROR NO. 3:*  It is.

8          *DEPUTY CLERK:*  Juror Number 4, is this the true and

9     correct verdict of the jury?

10         *JUROR NO. 4:*  Yes.

11         *DEPUTY CLERK:*  Juror Number 5, is this the true and

12    correct verdict of the jury?

13         *JUROR NO. 5:*  It is.

14         *DEPUTY CLERK:*  Juror Number 6, is this the true and

15    correct verdict of the jury?

16         *JUROR NO. 6:*  Yes.

17         *DEPUTY CLERK:*  Juror Number 7, is this the true and

18    correct verdict of the jury?

19         *JUROR NO. 7:*  Yes.

20         *DEPUTY CLERK:*  Juror Number 8, is this the true and

21    correct verdict of the jury?

22         *JUROR NO. 8:*  Yes.

23         *DEPUTY CLERK:*  Juror Number 9, is this the true and

24    correct verdict of the jury?

25         *JUROR NO. 9:*  Yes.

1      **DEPUTY CLERK:**  Juror Number 10, is this the true and
2  correct verdict of the jury?

3      **JUROR NO. 10:**  Yes.

4      **DEPUTY CLERK:**  Juror Number 11, is this the true and
5  correct verdict of the jury?

6      **JUROR NO. 11:**  Yes.

7      **DEPUTY CLERK:**  Juror Number 12, is this the true and
8  correct verdict of the jury?

9      **JUROR NO. 12:**  Yes.

10      **THE COURT:**  I would ask Mr. Boone and Mr. Kilgore to
11  appear at the microphone, please.

12      *(Counsel approach the podium.)*

13      **THE COURT:**  Mr. Boone is on bond at the present time,
14  and I would expect that to continue at this time.  Any
15  objection by the United States?

16      **MS. COSTANTIN:**  No, Your Honor.

17      **THE COURT:**  That bond is continued at this time.

18      **MR. KILGORE:**  Thank you, Your Honor.

19      **THE COURT:**  Yes, sir.  Are there any other matters to
20  be brought before the Court at this time?

21      **MR. KILGORE:**  Nothing else.

22      **MR. ROSENBLUM:**  No, Your Honor.

23      **MS. COSTANTIN:**  No, Your Honor.

24      **THE COURT:**  Court's in recess.

25      *(Proceedings adjourned at 4:09 p.m.)*

1                         **REPORTER'S CERTIFICATE**

2

3          I, Laura A. Esposito, Registered Professional Reporter

4    and Certified Realtime Reporter, hereby certify that I am a

5    duly appointed Official Court Reporter for the United States

6    District Court for the Eastern District of Missouri.

7          I further certify that the foregoing is a true and

8    accurate transcript of the proceedings held in the

9    above-entitled case, that said transcript contains pages 1

10   through 27, inclusive, and was delivered electronically.

11   This reporter takes no responsibility for missing or damaged

12   pages of this transcript when same transcript is copied by

13   any party other than this reporter.

14         Dated at St. Louis, Missouri, this 7th day of September

15   2021.

16

17                          _Laura A. Esposito_
                         _____
18                       Laura A. Esposito, RPR, CRR, CRC
                         Official Court Reporter
19

20

21

22

23

24

25

*USA vs. Boone and Myers, Case #18-975*          6/17/21 - Pg. 28
*Trial Day #9*